**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SHAWANNA EXANTUS,

      Plaintiff

      v.

CASE NO.

SPRINT/UNITED MANAGEMENT
COMPANY, Foreign Profit Corporation

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, SHAWANNA EXANTUS (hereinafter referred as "Plaintiff"), by and SPRINT/UNITED MANAGEMENT COMPANY (hereinafter referred as "SPRINT" or "Defendant"), pursuant to the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Age Discrimination in Employment Act (ADEA) and in support of states as follows:

## INTRODUCTION

1. This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA") the Age Discrimination in Employment Act (ADEA) and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION

2. The acts and omissions giving rise to this action occurred in Orange County, Florida.

3. Plaintiff was employed by Defendant in Maitland, Florida.

4. Defendant ("SPRINT") operates one or more centers in the Orlando area.

5. This is an action at law raises a federal question under federal law, specifically the ADA, FMLA, and ADEA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff was a devoted employee of Defendant for approximately four (22) years.

8. Defendant was responsible for compensating Plaintiff in exchange for the work and hours worked by Plaintiff.

9. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

10. Plaintiff is protected by the ADA because she suffered from a stroke which increases her pain, therefore, either:

    a. Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
    b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

11. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

12. In 2019, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

13. At all times relevant, Defendant was engaged in an industry affecting commerce.

14. At all times relevant, Defendant was engaged in an activity affecting commerce.

15. At all times relevant, Defendant was engaged in comer within the meaning of 26 U.S.C. § 2611(1)

16. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

17. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

18. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

19. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

20. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

21. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

22. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

23. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C § 1211(8).

## FACTUAL ALLEGATIONS

24. Plaintiff was hired as a sales manager on or about September 15, 1997.

25. In approximately May 2019, Plaintiff took time off for the bereavement of her father that passed away.

26. On or about October 31, 2019, Plaintiff suffered a stroke.

27. Plaintiff was placed on light duty work restrictions which included no lifting over 10 pounds.

28. Plaintiff was required to miss at least three days of work due to her health condition.

29. Plaintiff gave Defendant notice of her work restrictions.

30. Plaintiff gave Defendant notice of the need for time off due to her health condition.

31. Despite notifying Defendant of her need for time off due to her medical injuries, Defendant gave Plaintiff termination notice.

32. Plaintiff notified Defendant that she could return to work with light duty restrictions which included no prolonged standing.

33. Despite these restrictions, Plaintiff could perform the essential functions of her job duties.

34. Plaintiff notified her supervisors about her medical conditions.

35. Although Plaintiff was absent from work on several occasion, she followed proper notice procedures.

36. Defendant was made aware of her medical conditions was provided with doctor's notes by Plaintiff.

37. Due to her medical condition which increases her pain and side effects, Plaintiff was unable to work during the period she suffered from medical conditions.

38. Plaintiff's medical conditions affected her daily life activities, but she was able to

return to work and perform the essential functions of her job as before.

39. Defendant would not accommodate Plaintiff.

40. Plaintiff filed an internal complaint with Defendant due to her being harassed related to her time off and accommodation requests on or about October 10, 2019.

41. Plaintiff supplemented her complaint on or about October 14, 2019.

42. Plaintiff is forty-two (42) years old.

43. Plaintiff was over forty (40) years old while working for Defendant in 2019.

44. Defendant also harassed Plaintiff due to her age.

45. Mr. Jorge Vazquez (General Manager), whom Plaintiff reported to at Sprint repeatedly told Plaintiff during our one on one meetings that she should consider moving into a different position slated to better suit my age as mostly younger employees were being hired.

46. Despite this, on or about October 31, 2019, less than three (3) days after her hospitalization, Plaintiff was terminated without any further explanation.

47. Plaintiff was still hospitalized while terminated.

48. Defendant was aware of Plaintiff's hospitalization.

49. Defendant was aware of Plaintiff's need for time off due to her medical illness.

50. Defendant failed to advise Plaintiff as to her rights under FMLA.

51. On January 24, 2020, Plaintiff filed an EEOC charge regarding her discriminatory and retaliatory termination.

52. Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable

accommodation.

53. At the time of her termination Plaintiff was qualified for her position.

54. At the time of her termination Plaintiff was able to perform the essential functions of her job.

55. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

56. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

57. At the time of her termination, Plaintiff was eligible for FMLA leave.

58. At the time of her termination, Plaintiff provided notice to Defendant of her need for FMLA leave.

59. Plaintiff's notice for her need for FMLA leave was timely.

60. Plaintiff's notice for her need for FMLA leave complied with Defendant's company policies regarding request for time off.

61. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

62. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

63. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

64. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

65. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

66. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

67. Defendant's actions constitute discrimination in violation of the ADA.

68. Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## DISABILITY DISCRIMINATION

69. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 68 above.

70. Plaintiff was a qualified individual with a disability.

71. Plaintiff was perceived as disabled by Defendant.

72. Defendant was Plaintiff's employer as defined by the ADA-AA.

73. Defendant discriminated against Plaintiff because of her disability in violation of the ADA-AA.

74. Defendant was Plaintiff's employer as defined by the ADA-AA.

75. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

76. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

77. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

78. Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

79. As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

81. Defendant's violation of the ADA-AA were willful.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment:

    a) judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;
    b) judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;
    c) judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;
    d) judgment in her favor and against Defendant for punitive damages;
    e) judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and
    f) Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

82. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 68 above.

83. Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADA-AA.

84. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

85. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

86. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of

punitive damages to punish Defendant and to deter it and others from such conduct in the future.

87. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment:

a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;
b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;
c) judgment against Defendant for compensatory damages;
d) judgment against Defendant for punitive damages;
e) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;
f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and
g) Granting such other and further relief as the Court deems just.

## COUNT III
## RETALIATION UNDER THE FMLA

89. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 68 above as if fully set forth herein.

90. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

91. Defendant was Plaintiff's employer as defined by the FMLA.

92. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the FMLA.

93. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

94. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

95. Defendant's discriminatory/retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

96. Defendant's conduct violated Plaintiff's rights to be free from discrimination/retaliation as guaranteed by the FMLA.

97. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

99. Defendant's violations of the FMLA were willful.

100. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against Defendant for violation of the anti-discrimination provisions of the FMLA;
    b. judgment in her favor and against Defendant for damages, including lost earning, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct.
    c. judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;
    d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2671(a)(1)(A)(iii);
    e. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FMLA; and
    f. an order grating such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## INTERFERENCE UNDER THE FMLA

101. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 68 above as if fully set forth herein.

102. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

103. Defendant was Plaintiff's employer as defined by the FMLA.

104. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

105. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

106. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

107. Defendant's violations of the FMLA were willful.

108. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against Defendant for interference with her rights under the FMLA;
    b. judgment in her favor and against Defendant for damages, including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;
    c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;
    d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);
    e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## AGE DISCRIMINATION IN VIOLATION OF ADEA

109. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-68 as though fully set forth herein.

110. Plaintiff is in her forties (40's).

111. Plaintiff was qualified to perform her job duties.

112. Plaintiff performed the essential functions of her job.

113. Defendant discriminated against Plaintiff because of her age when it repeatedly made discriminatory comments about her age.

114. Defendant discriminated against Plaintiff because of her age when it treated her less favorably than younger coworkers.

115. Plaintiff suffered an adverse employment action when Defendant terminated her.

116. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under ADEA because it treated Plaintiff less favorably than younger employees.

117. The discrimination to which Plaintiff was subjected was based on her age.

118. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

119. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

120. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

121. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to ADEA.

122. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, demands judgment against the Company and requests the court award damages including:

    a.    Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;
    b.    Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay for lost earnings and benefits;
    c.    Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;
    d.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages;
    e.    Award Plaintiff compensatory damages for emotional pain and suffering;
    Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant; and
    f.    An order granting such other and further relief as the court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff, SHAWNA EXANTUS, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 26th day of March, 2020.

Respectfully submitted,

*s/Carlos V. Leach*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***